**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jeremy Wilson, Respondent,

v.

Jeffrey G. Hedges and JH3 Consulting, LLC, Appellants.

Appellate Case No. 2021-001096

———

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2024-UP-152
Submitted April 1, 2024 – Filed May 1, 2024

———

**AFFIRMED**

———

Stephen Tyler Graves and Logan Steele Davis, both of
Graves & Davis, LLC, of Charleston, for Appellants.

Molly Hubbard Cash, of Molly Cash Law, LLC, and
Beau Bagnal Brogdon, of Brogdon Law Firm LLC, both
of Greenville, for Respondent.

———

**PER CURIAM:**  Jeffrey G. Hedges and JH3 Consulting, LLC (collectively, the
Company), appeal the circuit court's denial of their Motion to Dismiss and/or Stay
and Compel Mediation and Arbitration in Jeremy Wilson's action for (1) unjust
enrichment, (2) promissory estoppel, (3) violation of the South Carolina Unfair

Trade Practices Act, and (4) fraud and misrepresentation. On appeal, the Company argues the circuit court erred in denying the motion because Wilson's claims fall within the scope of the mediation and arbitration provision included in the independent contractor agreement (the Agreement) between Wilson and the Company. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in denying the motion because the Agreement containing the arbitration provision was terminated at the time the claims arose, and the provision did not cover the claims. *See New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit."). At the time Wilson's claims arose, the Agreement had been expressly terminated by a Termination Document in contemplation of a new, future independent contractor agreement. *See Towles v. United HealthCare Corp.*, 338 S.C. 29, 41, 524 S.E.2d 839, 846 (Ct. App. 1999) ("When a party invokes an arbitration clause after the contractual relationship between the parties has ended, the parties' intent governs whether the clause's authority extends beyond the termination of the contract."); *ERIE Ins. Co. v. Winter Constr. Co.*, 393 S.C. 455, 461, 713 S.E.2d 318, 321 (Ct. App. 2011) ("When the language of a contract is clear, explicit, and unambiguous, the language of the contract alone determines the contract's force and effect and the court must construe it according to its plain, ordinary, and popular meaning.").

Even if the arbitration provision survived the termination of the Agreement, we find the claims fell outside of the scope of the provision. *See Zabinski*, 346 S.C. at 596-97, 553 S.E.2d at 118 ("Arbitration rests on the agreement of the parties, and the range of issues that can be arbitrated is restricted by the terms of the agreement."). Wilson did not assert a breach of contract claim under the Agreement. His claims related solely to conduct that arose after the Agreement's termination and, therefore, did not arise out of or relate to the Agreement. *See Seifert v. U.S. Home Corp.*, 750 So.2d 633, 638 (Fla. 1999) ("[T]he mere fact that the dispute would not have arisen but for the existence of the contract and consequent relationship between the parties is insufficient by itself to transform a dispute into one 'arising out of or relating to' the agreement."), *cited with approval in Aiken v. World Fin. Corp. of S.C.*, 373 S.C. 144, 150, 644 S.E.2d 705, 708 (2007); *Zabinski*, 346 S.C. at 596-97, 553 S.E.2d at 118 ("Arbitration rests on the agreement of the parties, and the range of issues that can be arbitrated is restricted by the terms of the agreement."); *Towles*, 338 S.C. at 41, 524 S.E.2d at 846

("When a party invokes an arbitration clause after the contractual relationship between the parties has ended, the parties' intent governs whether the clause's authority extends beyond the termination of the contract.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., KONDUROS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.